IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PELKOLA,

                        Plaintiff,

    v.                                                                                                  OPINION and ORDER

NANCY BERRYHILL,                                                     18-cv-346-jdp
    Acting Commissioner, Social Security Administration,

                        Defendant.

---

      Plaintiff Robert Pelkola seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, finding him not disabled under the Social Security Act. The administrative law judge (ALJ) found that Pelkola had two severe impairments: degenerative disc disease and gout. But the ALJ also concluded that Pelkola retained the residual functional capacity to perform a significant number of jobs in the economy and denied his application for disability insurance benefits.

      On appeal, Pelkola contends that the ALJ made two errors that require remand: (1) failing to provide a good reason for rejecting part of the medical opinion of consultative examining physician Dr. Neil Johnson, and (2) failing to ask the vocational expert if her testimony at the disability hearing was consistent with the Dictionary of Occupational Titles (DOT). This case is scheduled for an oral argument on January 31, 2019, but the court concludes that no oral argument is needed in light of the relatively straightforward nature of the issues.

      The court concludes that Pelkola has failed to identify any reversible error and that the ALJ's decision is supported by substantial evidence. The court will deny Pelkola's motion for summary judgment and affirm the Commissioner's decision.

ANALYSIS

The court reviews the final decision of an ALJ "to determine whether it applies the correct legal standard and is supported by substantial evidence." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The court reviews the record as a whole, but it cannot reconsider facts, weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Id.*

**A. Medical opinion of consultative examining physician Dr. Neil Johnson**

Pelkola contends that the ALJ failed properly to assess the opinion of Dr. Neil Johnson, a physician who conducted a consultative examination of Pelkola at the agency's request on March 12, 2015. Specifically, he says that the ALJ erred by failing to provide any reasons for rejecting Dr. Johnson's opinion that Pelkola could "[p]ossibly repetitively [lift] 10 pounds." R. 290.[1] Although the ALJ said that he accorded Dr. Johnson's evaluation "great weight," *id.* at 21, he limited Pelkola to "light work" in formulating the residual functional capacity (RFC). The relevant regulations define light work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 404.967(b).

Pelkola says that the RFC's light work limitation is inconsistent with Dr. Johnson's opinion that Pelkola could only "possibly" lift ten pounds, and that the ALJ erred by failing to explain the basis for rejecting that aspect of Johnson's opinion. But a review of Dr. Johnson's

---

[1] Record cites are to the administrative transcript, located at Dkt. 9.

opinion reveals that his note about Pelkola's ability to "[p]ossibly repetitively [lift] 10 pounds" referred to Pelkola's own subjective description of his symptoms and limitations. It did not refer to Dr. Johnson's opinion about the extent of Pelkola's impairments.

The report that Dr. Johnson provided to the agency is divided into three parts: an introductory section summarizing Pelkola's "Chief Complaints," "Past Medical History," "Family History" and "Social History"; a "Physical Examination" section; and a "Conclusions" section. R. 290–93. The note about Pelkola possibly being able to lift ten pounds is in the "Chief Complaints" section, amidst other details that clearly describe Pelkola's own subjective account of his limitations:

> **Chief Complaints**: "Back pain."
>
> The patient has had discomfort in the thoracic and lumbar spine. Today he seems to indicate it is more in the low back. There is a baseline pain of 5–6 out of 10. He claims at times it goes to 10. He has never had x-ray nor MRI of his back. He has never had surgery. He does not use an assistive device. He last worked 10 years ago as a diesel mechanic which he did for 16 years. He is single. He lives with his mother in her home. He drove to this appointment. He could probably lift 50 pounds once but not repetitively. Possibly repetitively he could do 10 pounds. He says it hurts to go on stairs. He uses the railing. He would not do a ladder. It is hard to squat. He cannot run. He can do little snow shoveling and little lawn cutting. This would probably hurt. He has trouble sleeping, gets about six hours. He does light grocery shopping. He denied any incontinence.

*Id.* at 290.

The report goes on to describe the results of Dr. Johnson's physical examination of Pelkola and then states his ultimate conclusion: "The patient stopped working 10 years ago as a diesel mechanic. He was getting mid and lower back pain. He still gets some back pain. . . . Examination shows mild tenderness. There is minimal loss of motion. There is no sign of nerve

root irritation. Pain is a limiting factor." *Id.* at 292. Dr. Johnson's conclusion includes no functional limitation related to the amount of weight Pelkola can lift.

The ALJ did not err by failing to address the "10 pounds" note in Dr. Johnson's report. As the Commissioner points out in her brief, the Social Security regulations distinguish between "medical opinions" and "symptoms." Medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Symptoms refer to "your own description of your physical or mental impairment." 20 C.F.R. §§ 404.1502, 404.1513.² When evaluating documentation provided by a medical source, ALJs must explain decisions to deviate from or discount any "medical opinions" it contains. *See* 20 C.F.R. § 404.1527(b)–(c). But when a medical source merely repeats a claimant's self-described symptoms without offering a judgment about the nature and severity of those symptoms, the ALJ need not consider those statements as reflecting the source's medical opinion. *See Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) ("[M]edical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints.").

Because the note about Pelkola possibly being able to repetitively lift ten pounds was not part of Dr. Johnson's medical opinion, the ALJ did not err in evaluating Dr. Johnson's opinion or by limiting Pelkola to light work.

---

² Pelkola does not challenge the ALJ's decision to discount Pelkola's account of his symptoms as not entirely consistent with the medical evidence. R. 22.

**B. Failure to ask vocational expert if his testimony was consistent with DOT**

Pelkola contends that the ALJ erred by failing to ask the vocational expert whether her testimony was consistent with the Dictionary of Occupational Titles. Social Security Ruling 00-4p places an affirmative duty on the ALJ to ask whether vocational expert testimony conflicts with the DOT, and, if it "appears to conflict," to elicit "a reasonable explanation for the apparent conflict." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (citing SSR 00-4p, at 5). Here, the ALJ neglected to ask the vocational expert about the DOT. *See* R. 48–50. But Pelkola does not allege that the vocational expert's testimony actually conflicted with the DOT, and a review of the DOT indicates that it did not. *Compare* Dkt. 12-1, at 2 (DOT listing for electronics worker), *with* R. 49 (vocational expert's description of the DOT's listing for electronics worker). Thus, the ALJ's technical error in failing to ask the vocational expert about the DOT was harmless and does not provide a basis for remand. *See Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (failing to ask vocational expert if her testimony conflicts with the DOT is "harmless unless there actually was a conflict").

ORDER

IT IS ORDERED that plaintiff Robert Pelkola's motion for summary judgment, Dkt. 11, is DENIED and the administrative decision is AFFIRMED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered January 15, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge